McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
MICHAEL D. ANDERSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>RAHMAN LAKHANI, *et al.*,<br><br>                              Defendants. | CASE NO. 2:18-cr-257 MCE<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER**<br><br>Courtroom: The Honorable Morrison C. England Jr. |

This case is currently set for a status hearing on July 9, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all

*U.S. v. Lakhani*, 2:18-CR-00257
Stipulation to Reset Status Conference

1

criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620, and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,*

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

*U.S. v. Lakhani*, 2:18-CR-00257
Stipulation to Reset Status Conference

2

644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 28, 2020.  Then, by minute order (ECF No. 42), this Court moved the May 28th hearing to June 25, 2020 (ECF No. 43) and informed the parties they may "file a stipulation regarding the exclusion of time as well."  The parties then asked the Court to move the status to July 9, 2020 (ECF No. 43), and the Court granted that request and excluded time as to all defendants through July 9, 2020 (ECF No. 44).

2. By this stipulation, defendants now move to vacate the July 9, 2020 status hearing and continue it until September 3, 2020, and to exclude time between July 9, 2020, and September 3, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over a hundred thousand pages of documents, electronically imaged devices, and video and audio files.  That discovery has been either produced directly to counsel and/or made available for inspection and copying.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

*U.S. v. Lakhani*, 2:18-CR-00257
Stipulation to Reset Status Conference

3

b) Counsel for defendants desire additional time to continue reviewing the large volume of discovery, consult with his clients, review the current charges and research related defenses and possible pretrial motions, to discuss possible pretrial motions and immigration consequences with his clients, research potential sentencing exposure for each defendant, including conducting a further analysis of the Guidelines, and to otherwise prepare for trial.

c) Further, defense counsel requests additional time given his commitments in other cases, including working on litigation related to the COVID-19 pandemic.  Defense counsel also has personal or familial obligations that impact his availability between July 9, 2020, and September 3, 2020.

d) Counsel for defendants believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would deny his clients continuity of counsel.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 9, 2020 to September 3, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED**.

*U.S. v. Lakhani*, 2:18-CR-00257
Stipulation to Reset Status Conference

4

Dated: July 6, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ Rosanne Rust
Rosanne Rust
Assistant United States Attorney

Dated: July 6, 2020

/s/ Patrick K. Hanly
Patrick K. Hanly
Counsel for Defendants
Rahman Lakhani, N. Ali Enterprises, Inc., and 21 Century Distribution, Inc.

## ORDER

The Court has read and considered the parties' Stipulation. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus. Time is excluded under the Speedy Trial Act between July 9, 2020, and September 3, 2020.

IT IS SO ORDERED.

Dated: July 8, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

*U.S. v. Lakhani*, 2:18-CR-00257
Stipulation to Reset Status Conference

5