PHILLIP A. TALBERT
Acting United States Attorney
ROSANNE L. RUST
MICHAEL D. ANDERSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-cr-257 KJM |
|---|---|
| Plaintiff, | **STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER** |
| v. | |
| RAHMAN LAKHANI, *et al.*, | |
| Defendants. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status hearing on November 18, 2021, at 10:00 a.m. in front of Judge England. ECF No. 57.

2. On November 9, 2021, however, this case was reassigned from Judge England to Judge Mueller, and all currently scheduled dates were vacated. ECF No. 58.

*U.S. v. Lakhani*, 2:18-CR-00257
Stipulation to Reset Status Conference

1

3. By this stipulation, defendants now move to reset the previously scheduled November 18, 2021 status hearing and continue it until January 31, 2022, at 9:00 a.m. in front of Judge Mueller, and to exclude time between November 18, 2021, and January 31, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

4. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over a hundred thousand pages of documents, electronically imaged devices, and video and audio files. Pursuant to a protective order, that discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants still requires additional time to continue reviewing the voluminous discovery, including the discovery made available for inspection (which includes dozens of boxes), consult with his clients, including Mr. Lakhani who still resides in Illinois, but who is scheduled to come to Sacramento next month to meet with counsel so they can further discuss the case and examine discovery; review the current charges and research related possible trial motions; investigate potential avenues of resolution; discuss possible immigration consequences with Mr. Lakhani and his immigration counsel; research potential sentencing issues for each defendant, including analyzing the loss and restitution figures at issue in the case; and to otherwise prepare for trial.

   c) Further, defense counsel requests additional time given his commitments in other cases, which include other obligations to different clients, including representing them in recent trials in other jurisdictions in California. Defense counsel has also continued his work on litigation related to the COVID-19 pandemic, which is still ongoing (due in large part to the Delta variant).

   d) Additionally, defense counsel has personal obligations that further impact his availability between November 18, 2021, and January 31, 2022.

   e) Counsel for defendants believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence, and would deny his clients continuity of counsel.

    f)    The government does not object to the continuance.

    g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 18, 2021 to January 31, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED**.

| | |
|---|---|
| Dated: November 17, 2021 | PHILLIP A. TALBERT<br>Acting United States Attorney |
| | /s/ Rosanne Rust<br>Rosanne Rust<br>Assistant United States Attorney |
| Dated: November 17, 2021 | /s/ Patrick K. Hanly<br>Patrick K. Hanly<br>Counsel for Defendants<br>Rahman Lakhani, N. Ali<br>Enterprises, Inc., and 21 Century<br>Distribution, Inc. |

*U.S. v. Lakhani*, 2:18-CR-00257
Stipulation to Reset Status Conference

3

**FINDINGS AND ORDER**

The Court has read and considered the parties' Stipulation. The Court hereby finds that the Stipulation, which the Court incorporates by reference into this Order, demonstrates facts that provide a basis to exclude time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]. The Court further resets the status hearing in this case to January 31, 2022, at 9:00 a.m. Time is also excluded under the Speedy Trial Act between November 18, 2021, and January 31, 2022.

IT IS SO ORDERED this 19th day of November, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE